ALLEN L. MARECHALE ET AL., APPELLEES, V. GEORGE T. BURR,, APPELLANT, IMPLEADED WITH BETTY CROWSON JONES HASBROUCK ET AL., APPELLEES.

237 N. W. 2d 860

Filed January 29, 1976. No. 40066.

George T. Burr, pro se.

E. Dean Hascall, for appellees Marechale et al.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and BRODKEY, JJ., and MORAN, District Judge.

MORAN, District Judge.

This is a suit to quiet title. What was purportedly plaintiffs' motion for judgment on the pleadings was treated as a motion for summary judgment. The trial court sustained the motion and quieted title to the real estate against the claims of the defendant, George T. Burr. Burr appealed. We affirm the judgment of the District Court.

Burr, an attorney, had performed legal services for Joseph M. Jones and had not been paid. While Jones owned the real estate in question, Burr filed two instruments in the office of the register of deeds against

the real estate. One was a notice of lis pendens which recited the filing of his attorney's lien in another action then pending in the District Court for Sarpy County. The other instrument was entitled "Notice of an Attorney's Lien," and in it Burr claimed, among other things, a lien on the real estate and the proceeds of any gain from its conveyance. Jones thereafter conveyed the real estate to the plaintiffs who then brought this action.

Burr makes four claims on appeal. First, he has an attorney's lien on the real estate by agreement; second, plaintiffs do not come into court with clean hands; third, that there was a material issue of fact on his claim that the conveyance to the plaintiffs was made to defraud him of his attorney's fees; and fourth, that the trial court erred in not sustaining his motion to bring in Jones as an additional party.

Apart from section 7-108, R. R. S. 1943, an attorney's lien, like any other, can be created by agreement. If, however, it is to be upon real estate and effective against subsequent purchasers, it must meet the requirements of section 76-211, R. R. S. 1943. Burr's claim is on oral agreement, and it is not good.

Burr informed the parties of the instruments filed before the conveyance. He perceives a lack of clean hands in the conveyance of the real estate despite his claimed lien. The answer is that those concerned were not required to recognize his so-called lien as valid and were entitled to ignore him when the real estate was conveyed.

There is no evidence to support the claim that the conveyance was fraudulent, and Jones had conveyed his entire interest in the real estate. He was not a proper party to the action.

The judgment of the District Court is affirmed.

AFFIRMED.